**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

Legal Services of New Jersey, Inc.
71 East Commerce Street
3rd Floor
Bridgeton, NJ 08302
Phone: (856) 455-0017
Fax:     (856) 455-0213
By:  Lazlo J. G. Beh, Esq. (LB0921)

| | |
|---|---|
| WILSON GALVAN MONTALVO and CESAR GALVAN MONTALVO,<br><br>Plaintiffs,<br><br>vs.<br><br>LARCHMONT FARMS, INC. and CHARLES WILLIAM HAINES, III,<br><br>Defendants. | DOCUMENT ELECTRONICALLY FILED<br><br>CIVIL ACTION NO. _____<br><br>**PLAINTIFFS' ORIGINAL COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

**PARTIES**

1. The Plaintiffs, Wilson Galvan Montalvo and Cesar Galvan Montalvo, are individuals and residents of Puerto Rico, with addresses of Buzon 22, Sector La Concha, Isabela, Puerto Rico, 00662.

2. The Defendant Larchmont Farms, Inc., is a New Jersey corporation with its principal place of business at 69 State Highway 77, Elmer, NJ 08318 and a mailing address of P.O. Box 78, Deerfield, NJ 08313.

1

3. The Defendant Charles Williams Haines, III, is the president and shareholder of Larchmont Farms, Inc., with the same addresses as the Defendant Larchmont Farms, Inc.

## PRELIMINARY STATEMENT

4. This is an action for damages brought by two migrant agricultural workers against the Defendant agricultural employers. The action is based upon the Defendants' violations of the Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 et seq., The Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 et seq., as well as the Defendants' intentional act of spraying pesticides on the Plaintiffs, which caused serious bodily injury to one of the Plaintiffs.

## JURISDICTION

5. The Court has jurisdiction of this case pursuant to:
   a) Federal question, 28 U.S.C. § 1331;
   b) Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1854;
   c) Fair Labor Standards Act, 29 U.S.C. § 216(b);
   d) Interstate Commerce, 28 U.S.C. § 1337;

e)  Supplemental Jurisdiction, 28 U.S.C. 1367; and

f)  Diversity Jurisdiction, 28 U.S.C. 1332.

# FACTS

6. The Defendants are in the business of growing peaches, nectarines, and apples in and around Salem and Cumberland Counties in New Jersey.

7. The Defendants produce their fruit for interstate commerce.

8. The Plaintiffs are U.S. citizens and residents of Puerto Rico.

9. The Defendants recruited the Plaintiffs to travel from Puerto Rico to work at Larchmont Farms, Inc. during the 2004 season.

10. The Defendants did not disclose in writing to the Plaintiffs, prior to their travel from Puerto Rico to New Jersey, the terms and conditions of the employment offered at Larchmont Farms, Inc.

11. The Defendants provided false and misleading information to the Plaintiffs concerning the amount of money that the Plaintiffs would make working for Larchmont Farms, Inc.

12. Based on the Defendants' representations to the Plaintiffs, the Plaintiffs left their home in Puerto Rico and traveled to New Jersey to accept employment with Larchmont Farms, Inc.

13. Once the Plaintiffs arrived at Larchmont Farms, Inc., the Defendants housed them in housing that had not been certified as meeting the applicable safety and health standards.

3

14. The housing that the Defendants housed the Plaintiffs in appeared to have been abandoned and the Plaintiffs and other workers who lived there had to clean it up and supply such necessities as light bulbs and toilet paper.

15. The drinking water in the camp was foul and repulsive.

16. After the Plaintiffs arrived at Larchmont Farms, Inc., the Defendants revealed to the Plaintiffs that they would be paid the minimum wage of $5.15 per hour.

17. The Plaintiffs would not have agreed to travel to New Jersey to work for Larchmont Farms, Inc. if the Defendants had disclosed at the time of the recruitment the terms and conditions of employment that the Plaintiffs discovered upon their arrival at Larchmont Farms.

18. The Plaintiffs were employed at Larchmont Farms to assist in the production of goods for interstate commerce.

19. During the Plaintiffs' employment with the Defendants, the Defendants were offering via an Agricultural and Food Processing Clearance Order to pay $8.52 an hour to nonimmigrant alien laborers to work at Larchmont Farms.

20. The job duties that the Defendants offered to the nonimmigrant alien laborers via the Agricultural and Food Processing Clearance Order were the same as and/or substantially similar to the job duties being performed by the Plaintiffs.

21. Prior to the Plaintiffs' employment at Larchmont Farms, Inc., the Defendants had promised via the Agricultural and Food Processing Clearance Order to recruit U.S. workers to perform the same job duties under the same terms and conditions that the Defendants were offering to the nonimmigrant alien laborers.

22. The Defendants never offered the Plaintiffs the terms and conditions of employment that they offered to the nonimmigrant alien laborers.

23. The Defendants offered the nonimmigrant alien laborers housing that was superior to that of the housing provided to the Plaintiffs.

24. Upon information and belief, the Defendants failed to pay the nonimmigrant alien laborers for expenses that the nonimmigrant laborers incurred in traveling from their homes to work at Larchmont Farms, Inc.

25. At no time did the Defendants disclose in writing to the Plaintiffs any information about the Defendants' worker compensation policy and who and when and how the Plaintiffs should give notice of an injury.

26. At relevant times during the Plaintiffs' employment at Larchmont Farms, Inc., the Defendants failed to provide suitably cool and potable drinking water for the Plaintiffs to drink as they worked.

27. At relevant times during the Plaintiffs' employment at Larchmont Farms, Inc., the Defendants failed to provide hand-washing facilities for the Plaintiffs to use during working hours.

28. During the Plaintiffs' employment at Larchmont Farms, Inc., the Defendants failed to provide the Plaintiffs with any information about when, where, and what pesticides the Defendants were applying.

29. During the Plaintiffs' employment at Larchmont Farms, Inc., the Defendants failed to provide the Plaintiffs with information about protecting themselves from pesticides.

30. During the Plaintiffs' employment at Larchmont Farms, Inc., the Defendants applied pesticides in a manner inconsistent with the federal Environmental Protection Agency's and the New Jersey Department of Environmental Protection's Worker Protection Standards.

31. During the Plaintiffs' employment at Larchmont Farms, Inc., the Defendants applied pesticides in a manner that dangerously exposed the Plaintiffs to pesticides.

32. During the Plaintiffs' employment at Larchmont Farms, Inc., the Defendants intentionally exposed the Plaintiffs to pesticides with the knowledge that such pesticides were substantially certain to cause bodily injury to the Plaintiffs and/or other workers.

33. Due to the Defendants' manner of applying pesticides, the Plaintiff Wilson Galvan Montalvo became seriously ill.

34. After the Defendants had reason to believe that Plaintiff Wilson Galvan Montalvo had been poisoned or injured due to pesticide exposure while working at Larchmont Farms, Inc., the Defendants failed to make available Plaintiff Wilson Galvan Montalvo prompt transportation from Larchmont Farms to an appropriate emergency medical center.

35. The Defendants failed to provide accurate and complete information to health care providers about the pesticide or pesticides to which Plaintiff Wilson Galvan Montalvo was exposed while working at Larchmont Farms, Inc.

36. The Defendants did not pay the Plaintiffs for their final week of work at Larchmont Farms, Inc.

37. The Defendants did not reimburse the Plaintiffs for their cost of travel from the place that they were recruited to the airport in Puerto Rico from which they flew to New Jersey.

38. The Plaintiffs suffered emotional and financial injury as a result of the Defendants' above-enumerated acts and omissions.

39. The Plaintiffs suffered physical harm as a result of the Defendants above enumerated acts and omissions, and Plaintiff Wilson Galvan Montalvo suffered serious bodily injury, the damages for which are greater than $75,000.00.

40. All of the actions and omissions alleged to have committed by the Defendants in the above paragraphs were undertaken by the Defendants directly and/or through their agents.

41. Prior to filing this complaint, the Plaintiffs made a good faith attempt to resolve these issues with the Defendants.

### FIRST CAUSE OF ACTION

NEW JERSEY COMMON LAW TORT

42. This count incorporates, *inter alia*, paragraphs 26-33, and 38-40 above.

43. The Defendants violated Plaintiffs' common law rights by intentionally exposing the Plaintiffs to pesticides with the knowledge that such pesticides were substantially certain to cause bodily injury to the Plaintiffs and/or other workers.

44. As a result of this tortuous conduct of Defendants, the Plaintiffs suffered injury and Plaintiff Wilson Galvan Montalvo has suffered damages in an amount greater than the federal diversity jurisdiction amount (i.e., $75,000.00).

## SECOND CAUSE OF ACTION

MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

45. This count incorporates, *inter alia*, paragraphs 1- 41 above.
46. At all times relevant to this action, the Plaintiffs were "migrant agricultural workers" within the meaning of 29 U.S.C. § 1802(8)(A).
47. At all times relevant to this action, the Defendants were "agricultural employers" within the meaning of 29 U.S.C. § 1802(2).
48. At all times relevant to this action, the Plaintiffs were engaged in "agricultural employment" with the Defendants within the meaning of 29 U.S.C. § 1802(3).
49. The Defendants failed to provide the Plaintiffs with written disclosures regarding the agricultural employment they offered, in violation of 29 U.S.C. § 1821(a).
50. The Defendants provided to the Plaintiffs false and misleading information regarding the agricultural employment they offered, in violation of 29 U.S.C. § 1821(f).
51. The Defendants failed to pay the Plaintiffs wages when due, in violation of 29 U.S.C. § 1822(a).

8

52. The Defendants violated without justification the terms of their working arrangement with the Plaintiffs, in violation of 29 U.S.C. § 1822(c);

53. The Defendants provided the Plaintiffs with housing that failed to comply with Federal and/or State safety and health standards, in violation of 29 U.S.C. 1823(a).

54. The Defendants provided the Plaintiffs with housing that was not certified as meeting the applicable health and safety standards, in violation of 29 U.S.C. § 1823(b).

55. Pursuant to 29 U.S.C. § 1854, the Plaintiffs each have a private cause of action for each separate violation of their rights under AWPA and may recover either their actual damages or up to five hundred dollars ($500.00) in statutory damages, whichever amount is greater, for each violation to ensure that the Plaintiffs are compensated for the violations of their rights and that the remedial purposes of AWPA are effectuated.

## THIRD CAUSE OF ACTION

FAIR LABOR STANDARDS ACT

56. This count incorporates, *inter alia*, paragraphs 7-9, 12, 16, 18, and 36-37 above.

57. At all times relevant to this action, the Plaintiffs were employed by the Defendants within the meaning of FLSA, 29 U.S.C. § 203.

58. The Defendants intentionally failed to pay the Plaintiffs the federally mandated minimum wage of $5.15 per hour, thereby violating 29 U.S.C. § 206.

9

59. As a consequence of the Defendants' violations of the Plaintiff's rights under FLSA, the Plaintiffs are entitled to their unpaid minimum wages, plus an additional equal amount in liquidated damages, costs of court, and reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION

NEW JERSEY LAW AGAINST DISCRIMINATION

60. This count incorporates, *inter alia*, paragraphs 8, 16, and 19-24 above.
61. Because of the Plaintiffs' nationality, the Defendants did not offer the same terms and conditions of employment to the Plaintiffs that they offered to nonimmigrant alien laborers, in violation of N.J.S.A. 10:5-12.
62. The Plaintiffs are entitled to all remedies available in common law tort actions, as well as to attorney's fees, pursuant to N.J.S.A. 10:5-13 and N.J.S.A. 10:5-27.1.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendants as follows:

a) An entry of declaratory Judgment that the Defendants violated the Plaintiffs' rights as described in the above four causes of action;

b) Actual and compensatory damages;

    c) Statutory damages, including under AWPA and FLSA, where allowed and appropriate;

    d) Punitive damages;

    e) All costs of litigation, including expert fees and attorney's fees;

    f) Pre-judgment and post-judgment interest; and

    g) All such other relief that this Court deems proper.

Respectfully Submitted,

Dated: June 15, 2006

/s/ Lazlo J. G. Beh (LB0921)
Legal Services of New Jersey, Inc.
Attorneys for Plaintiffs