NOT FOR PUBLICATION                                    (Document No. 214)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                            :
WILSON GALVAN MONTALVO and     :
CESAR GALVAN MONTALVO,          :
                                            :
                    Plaintiffs,        :        Civil No. 06-2704 (RBK/AMD)
                                            :
        v.                                :               **OPINION**
                                            :
LARCHMONT FARMS, INC. and       :
CHARLES WILLIAM HAINES, III, :
                                            :
                    Defendants.       :
_____ :

**KUGLER**, United States District Judge:

        Presently before the Court is a Motion to Stay Judgment Pending Appeal submitted by

Defendants Larchmont Farms, Inc. and Charles William Haines, III in response to a judgment

entered against them in this Court.  As part of their motion, Defendants seek a partial waiver of

the supersedeas bond requirement for a portion of the judgment that exceeds the amount to which

Defendants are insured.   For the reasons set forth below, Defendants' motion (Doc. No. 214) is

denied.

**I.      BACKGROUND**

        This Court discussed the factual background of this case in a prior opinion.  (See Doc. No.

114).  For that reason, the Court will discuss the facts of the case here only as they pertain to the

instant motion.

1

The instant motion is part of a lawsuit filed in June 2006 by Plaintiffs Wilson Galvan Montalvo and Cesar Galvan Montalvo against their former employer, Larchmont Farms, and Charles William Haines, III, president and owner of Larchmont Farms (collectively "Larchmont Farms"), for injuries sustained while Plaintiffs were at work.  (Pls.' Mem. 6; Defs.' Br. 3). Larchmont Farms was, and continues to be, represented by counsel retained by their insurance provider, New Jersey Manufacturers ("NJM").  (Pls.' Mem. 6; Defs.' Reply Br. 1).[1]

Most claims were disposed of through settlement and summary judgment. (Defs.' Br. 4). However, one claim sounding in intentional tort proceeded to trial.  (Defs.' Br. 4-5). Subsequently, on March 8, 2011, this Court entered judgment against Larchmont Farms in the amount of $650,000 plus costs. (Doc. No. 195).  This judgment, however, exceeded Larchmont Farms' employment liability insurance policy, which was limited to $500,000. (Pls.' Mem. 6; Defs.' Br. 5).  Larchmont Farms has appealed the judgment against them and are asking for a stay of that judgment pending appeal.  (Defs.' Br. 7).  They have also requested an order granting them permission to post a bond in the amount of their insurance policy, rather than in the amount of the judgment.  (Defs.' Br. 7).

## II.   DISCUSSION

### A.    The standard for a motion to stay judgment pending appeal

Federal Rule of Civil Procedure 62(d) provides, in part, that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond."  Fed. R. Civ. P. 62(d).  The appellant "is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with

---

[1] Despite this arrangement, it appears that NJM has reserved the right to seek recompense from Larchmont Farms, if the judgment against them is upheld.

2

Fed. R. Civ. P. 62(d)."  Pharmacia Corp. v. Motor Carrier Serv. Corp., 2008 WL 852255, at *4

(D.N.J. Mar. 28, 2008) (quoting American Mfrs. Mut. Ins. Co. v. American Broadcasting-

Paramount, 87 S. Ct. 1, 3 (1966).  The amount of the bond should normally be equal to the

amount of the judgement against the appellant.  Transamerica Occidental Life Ins. Co. V. Total

Systems, Inc., 2011 WL 2447520, at *2 (D.N.J. July 23, 2009).  Although the Third Circuit is

silent on the issue of whether courts may require a bond less than the amount of the full judgment,

district courts within the Third Circuit have found that they have discretion under Rule 62(d) to

waive the bond requirement in whole or in part.  Church & Dwight Co. v. Abbott Labs., 2009

WL 2230941, at *14 (D.N.J. July 23, 2009).  That discretion, however, should only be exercised

in exceptional circumstances and where there exists an alternative means of securing the

judgment.  Transamerica, 2011 WL 2447520, at *2; Church & Dwight, 2009 WL 2230941, at

*14.

    In determining whether exceptional circumstances exist, district courts within the Third

Circuit have relied on the five factors set forth by the Court of Appeals for the Seventh Circuit in

Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988).  See Church & Dwight, 2009 WL

2230941, at *14 (citing Third Circuit cases citing Dillon).  Those factors are

> (1) the complexity of the collection process; (2) the amount of time required to obtain a
> judgment after it is affirmed on appeal; (3) the degree of confidence that the district court
> has in the availability of funds to pay the judgment; (4) whether the defendant's ability to
> pay the judgment is so plain that the cost of a bond would be a waste of money; and (5)
> whether the defendant is in such a precarious financial situation that the requirement to
> post a bond would place other creditors of the defendant in an insecure position.

Church & Dwight, 2009 WL 2230941, at *14.  The appellant, as moving party, bears the burden

of showing that "posting a full bond is impossible or impracticable" and "to propose a plan that

will provide adequate . . . security for appellee." Transamerica, 2011 WL 2447520, at *2 (quoting

AMG Nat'l Trust Bank v. Ries, 2008 U.S. Dist. LEXIS 44014, at *4 (E.D. Pa. June 4, 2008)).

**B.     The Court will not issue a stay until a bond is posted**

Although Defendants have shown that NJM is willing to post a bond in the amount of

Defendants' insurance policy, the Court will not stay the judgement until a bond in the appropriate

amount–or equivalent security–is actually posted.  Defendants, however, request that the required

bond be limited to the amount of Defendants' insurance policy coverage.  Thus, the Court will

address in detail Defendants' request for a partial waiver of the supersedeas bond requirement.

**C.     Larchmont Farms has not met their burden of showing that exceptional
         circumstances exist**

Defendants address the Dillon factors only briefly, relying on bald assertions that the

complexity of collection would increase if Defendants were required to post a full bond and that

"the Court should have nothing less than complete confidence" in Plaintiffs' ability to collect.

(Def's Br. 16-17).  This, however, is not sufficient.  See Transamerica, 2001 WL 2447520, at *3

(refusing to waive supersedeas bond requirement because appellant failed to address Dillon

factors); Leff v. First Horizon Home Loan, 2007 WL 2572362, at *7 (D.N.J. Sept. 4, 2007)

(requiring supersedeas bond because evidence did not support finding that appellant was on stable

financial ground).

Defendants have not explained why–nor is the court aware of any reason why–the Dillon

factors weigh in Defendants' favor.  In fact, Defendants' own exhibit references concerns over the

current state of the economy, as well as the financial health of the farm. (Def.'s Supp. Cert. Ex.

A).  The Court finds that these self-professed concerns, as well as the unclear nature of NJM's

"reservation of rights," will likely make the collection process more complex and undercut Defendants' assertions of their ability to pay.  Thus, the Court finds that the Dillon factors weigh against granting Defendants' request for a bond less than the amount of the judgment.

### D.   Larchmont Farms has not offered an adequate alternative for securing the judgment

Even if Defendants had offered evidence to show the Dillon factors weigh in their favor, Defendants fail to offer an adequate alternative means for securing the judgment.  While NJM has agreed to post a bond (subject to a reservation of rights) in the amount of the $500,000 insurance policy, this does little to secure the additional $150,000 that Defendants will be required to pay if the judgment is affirmed.  Further, Defendants offer no means by which to secure that additional $150,000.  Thus, Defendant fails to offer an adequate alternative means for securing the judgment.

### E.   Larchmont Farms' alternative theories

Defendants proffer several alternative theories for a partial waiver of the supersedeas bond requirement.  The Court, however, finds none of those theories persuasive.

First, Defendants claim that a verdict in excess of an insurance policy constitutes exceptional circumstances.  (Def.'s Br. 12).  In other words, Defendants essentially claim that exceptional circumstances exist because they were under insured.  Defendants attempt to explain their predicament by claiming they desired to settle for the amount of their insurance policy but were unable to do so because their insurance provider was paying their legal expenses. Defendants, however, fail to indicate how, if at all, this argument affects the analysis of the Dillon factors.  Moreover, Defendants do not point the Court to any authority supporting its claim that a lack of insurance is an "exceptional circumstance," notwithstanding the Dillon factors.  To the

extent this is a novel argument, the Court will use its discretion under Rule 62 to reject

Defendants' claim that insurance coverage less than the amount of a judgment is an exceptional

circumstance requiring the partial waiver of the supersedeas bond requirement.

Defendants also point to Third Circuit case law implying that a finding of exceptional

circumstances is not required where alternative means for securing Plaintiffs' interest exist.

(Def.'s Br. 10-12). Defendants cite In re Diet Drugs, 582 F.3d 524, 552 (3d Cir. 2009), for

support.   However, the Court disagrees with this reading of In re Diet Drugs.  Defendants are

correct that the In re Diet Drugs Court approvingly cited to cases in which the supersedeas bond

requirement was waived.  See In re Diet Drugs, 582 F.3d at 552 (citing Arban v. West Pub. Corp.,

345 F.3d 390, 409 (6th Cir. 2003); Munoz v. City of Philadelphia, 537 F. Supp. 2d 749, 751-52

(E.D. Pa. 2009)).  However, the bonds in those cases were waived because there was no question

that the appellees would be able to receive the amount of the judgment in their favor, thus

operating in accordance with the principles articulated in Dillon.  See, e.g., Arban, 345 F.3d at

409 (finding that district court did not abuse discretion in waiving bond requirement because of

the "vast disparity between the amount of the judgment . . . and the annual revenue of

[appellant]").  Indeed, the Munoz Court–a district court within the Third Circuit–explicitly relied

on the test for exceptional circumstances from Dillon. See Munoz, 537 F. Supp. 2d at 751 (relying

on Dillon factors).  Thus, even if Defendants had convinced the court that a bond in the amount of

their insurance policy could adequately secure Plaintiffs' interests pending appeal, Defendants'

argument that the Court need not find exceptional circumstances is without merit.

Finally, Defendants cite to case law supporting the proposition that an insurer is not

required to post a bond in the full amount of a judgment that exceeds its policy limits.  (See Def.'s

6

Br. 14-15).  Those cases, however, are inapposite.  Not only are Defendants not "insurers," but the insurer in the instant action is not being asked to post a bond that exceeds its policy limits. Rather, an insured party is being asked to post the balance of the judgment over and above its insurance policy limit, a reality Defendants acknowledge in other sections of their brief.  (See Defs.' Reply Br. 6) (arguing that it is an unfair burden to require Defendants to post security above the amount of their insurance policy).  Thus, the Court finds that Defendants' arguments that the supersedeas bond requirement should be waived are unpersuasive.

III.    **CONCLUSION**

For the foregoing reasons, Defendants' may obtain a stay of the judgment against them provided they post a bond in the full amount of the judgment against them, but until that bond is posted, Defendants' Motion to Stay Judgment Pending Appeal is DENIED.  An appropriate Order shall follow.


Date:___11/16/2011___                              /s/ Robert B. Kugler_____
                                                   ROBERT B. KUGLER
                                                   United States District Judge

7