NOT FOR PUBLICATION                                      (Document No. 214)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____

|  |  |  |
|---|---|---|
| WILSON GALVAN MONTALVO and CESAR GALVAN MONTALVO, | : : : | |
| Plaintiffs, | : : | Civil No. 06-2704 (RBK/AMD) |
| v. | : : | **OPINION** |
| LARCHMONT FARMS, INC. and CHARLES WILLIAM HAINES, III, | : : : | |
| Defendants. | : : : | |

_____

**KUGLER**, United States District Judge:

Presently before the Court is a Motion to Stay Judgment Pending Appeal submitted by Defendant Larchmont Farms, Inc. in response to a judgment entered against it in this Court. As part of their motion, Defendant seeks a partial waiver of the supersedeas bond requirement for a portion of the judgment that exceeds the amount to which Defendant is insured. For the reasons set forth below, Defendant's motion (Doc. No. 214) is denied.

## I.      BACKGROUND

This Court discussed the factual background of this case in a prior opinion. (See Doc. No. 114). For that reason, the Court will discuss the facts of the case here only as they pertain to the instant motion.

The instant motion is part of a lawsuit filed in June 2006 by Plaintiffs Wilson Galvan

Montalvo and Cesar Galvan Montalvo against their former employer, Larchmont Farms, and

Charles William Haines, III, president and owner of Larchmont Farms (collectively "Larchmont

Farms"), for injuries sustained while Plaintiffs were at work.  (Pls.' Mem. 6; Defs.' Br. 3).

Larchmont Farms was, and continues to be, represented by counsel retained by their insurance

provider, New Jersey Manufacturers ("NJM").  (Pls.' Mem. 6; Defs.' Reply Br. 1).[1]

   Most claims were disposed of through settlement and summary judgment. (Defs.' Br. 4).

However, one claim sounding in intentional tort proceeded to trial.  (Defs.' Br. 4-5).

Subsequently, on March 8, 2011, this Court entered judgment against Larchmont Farms in the

amount of $650,000 plus costs. (Doc. No. 195).  This judgment, however, exceeded Larchmont

Farms' employment liability insurance policy, which was limited to $500,000. (Pls.' Mem. 6;

Defs.' Br. 5).  Larchmont Farms has appealed the judgment against them and are asking for a stay

of that judgment pending appeal.  (Defs.' Br. 7).  They have also requested an order granting them

permission to post a bond in the amount of their insurance policy, rather than in the amount of the

judgment.  (Defs.' Br. 7).

## II.    DISCUSSION

### A.    The standard for a motion to stay judgment pending appeal

   Federal Rule of Civil Procedure 62(d) provides, in part, that "[i]f an appeal is taken, the

appellant may obtain a stay by supersedeas bond."  Fed. R. Civ. P. 62(d).  The appellant "is

entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with

Fed. R. Civ. P. 62(d)."  Pharmacia Corp. v. Motor Carrier Serv. Corp., 2008 WL 852255, at *4

---

[1] Despite this arrangement, it appears that NJM has reserved the right to seek recompense from Larchmont Farms, if the judgment against them is upheld.

(D.N.J. Mar. 28, 2008) (quoting <u>American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount</u>, 87 S. Ct. 1, 3 (1966)).  The amount of the bond should normally be equal to the amount of the judgement against the appellant.  <u>Transamerica Occidental Life Ins. Co. V. Total Systems, Inc.</u>, 2011 WL 2447520, at *2 (D.N.J. July 23, 2009).  Although the Third Circuit is silent on the issue of whether courts may require a bond less than the amount of the full judgment, district courts within the Third Circuit have found that they have discretion under Rule 62(d) to waive the bond requirement in whole or in part.  <u>Church & Dwight Co. v. Abbott Labs.</u>, 2009 WL 2230941, at *14 (D.N.J. July 23, 2009).  That discretion, however, should only be exercised in exceptional circumstances and where there exists an alternative means of securing the judgment.  <u>Transamerica</u>, 2011 WL 2447520, at *2; <u>Church & Dwight</u>, 2009 WL 2230941, at *14.

　　　　In determining whether exceptional circumstances exist, district courts within the Third Circuit have relied on the five factors set forth by the Court of Appeals for the Seventh Circuit in <u>Dillon v. City of Chicago</u>, 866 F.2d 902 (7th Cir. 1988).  <u>See</u> <u>Church & Dwight</u>, 2009 WL 2230941, at *14 (citing Third Circuit cases citing <u>Dillon</u>).  Those factors are

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

<u>Church & Dwight</u>, 2009 WL 2230941, at *14.  The appellant, as moving party, bears the burden of showing that "posting a full bond is impossible or impracticable" and "to propose a plan that will provide adequate . . . security for appellee." <u>Transamerica</u>, 2011 WL 2447520, at *2 (quoting

AMG Nat'l Trust Bank v. Ries, 2008 U.S. Dist. LEXIS 44014, at *4 (E.D. Pa. June 4, 2008)).

**B.      The Court will not issue a stay until a bond is posted**

Although Defendant has shown that NJM is willing to post a bond in the amount of Defendant's insurance policy, the Court will not stay the judgement until a bond in the appropriate amount–or equivalent security–is actually posted.  Defendant, however, requests that the required bond be limited to the amount of Defendant's insurance policy coverage.  Thus, the Court will address in detail Defendant's request for a partial waiver of the supersedeas bond requirement.

**C.      Larchmont Farms has not met their burden of showing that exceptional circumstances exist**

Defendant addresses the Dillon factors only briefly, relying on bald assertions that the complexity of collection would increase if Defendant was required to post a full bond and that "the Court should have nothing less than complete confidence" in Plaintiffs' ability to collect. (Def's Br. 16-17).  This, however, is not sufficient.  See Transamerica, 2001 WL 2447520, at *3 (refusing to waive supersedeas bond requirement because appellant failed to address Dillon factors); Leff v. First Horizon Home Loan, 2007 WL 2572362, at *7 (D.N.J. Sept. 4, 2007) (requiring supersedeas bond because evidence did not support finding that appellant was on stable financial ground).

Defendant has not explained why–nor is the court aware of any reason why–the Dillon factors weigh in Defendant's favor.  In fact, Defendant's own exhibit references concerns over the current state of the economy, as well as the financial health of the farm. (Def.'s Supp. Cert. Ex. A).  The Court finds that these self-professed concerns, as well as the unclear nature of NJM's "reservation of rights," will likely make the collection process more complex and undercut

4

Defendant's assertions of their ability to pay.  Thus, the Court finds that the <u>Dillon</u> factors weigh

against granting Defendant's request for a bond less than the amount of the judgment.

> ### D.   Larchmont Farms has not offered an adequate alternative for securing the judgment

Even if Defendant had offered evidence to show the <u>Dillon</u> factors weigh in its favor,

Defendant fails to offer an adequate alternative means for securing the judgment.  While NJM has

agreed to post a bond (subject to a reservation of rights) in the amount of the $500,000 insurance

policy, this does little to secure the additional $150,000 that Defendant will be required to pay if

the judgment is affirmed.  Further, Defendant offer no means by which to secure that additional

$150,000.  Thus, Defendant fails to offer an adequate alternative means for securing the judgment.

> ### E.   Larchmont Farms' alternative theories

Defendant proffers several alternative theories for a partial waiver of the supersedeas bond

requirement.  The Court, however, finds none of those theories persuasive.

First, Defendant claims that a verdict in excess of an insurance policy constitutes

exceptional circumstances.  (Def.'s Br. 12).  In other words, Defendant essentially claims that

exceptional circumstances exist because they were under insured.  Defendant attempts to explain

their predicament by claiming they desired to settle for the amount of their insurance policy but

were unable to do so because their insurance provider was paying their legal expenses.

Defendant, however, fails to indicate how, if at all, this argument affects the analysis of the <u>Dillon</u>

factors.  Moreover, Defendant does not point the Court to any authority supporting its claim that a

lack of insurance is an "exceptional circumstance," notwithstanding the <u>Dillon</u> factors.  To the

extent this is a novel argument, the Court will use its discretion under Rule 62 to reject

Defendant's claim that insurance coverage less than the amount of a judgment is an exceptional circumstance requiring the partial waiver of the supersedeas bond requirement.

Defendant also points to Third Circuit case law implying that a finding of exceptional circumstances is not required where alternative means for securing Plaintiffs' interest exist. (Def.'s Br. 10-12). Defendant cites In re Diet Drugs, 582 F.3d 524, 552 (3d Cir. 2009), for support.   However, the Court disagrees with this reading of In re Diet Drugs.  Defendant is correct that the In re Diet Drugs Court approvingly cited to cases in which the supersedeas bond requirement was waived.  See In re Diet Drugs, 582 F.3d at 552 (citing Arban v. West Pub. Corp., 345 F.3d 390, 409 (6th Cir. 2003); Munoz v. City of Philadelphia, 537 F. Supp. 2d 749, 751-52 (E.D. Pa. 2009)).  However, the bonds in those cases were waived because there was no question that the appellees would be able to receive the amount of the judgment in their favor, thus operating in accordance with the principles articulated in Dillon.  See, e.g., Arban, 345 F.3d at 409 (finding that district court did not abuse discretion in waiving bond requirement because of the "vast disparity between the amount of the judgment . . . and the annual revenue of [appellant]").  Indeed, the Munoz Court–a district court within the Third Circuit–explicitly relied on the test for exceptional circumstances from Dillon. See Munoz, 537 F. Supp. 2d at 751 (relying on Dillon factors).  Thus, even if Defendant had convinced the court that a bond in the amount of their insurance policy could adequately secure Plaintiffs' interests pending appeal, Defendant's argument that the Court need not find exceptional circumstances is without merit.

Finally, Defendant cites to case law supporting the proposition that an insurer is not required to post a bond in the full amount of a judgment that exceeds its policy limits.  (See Def.'s Br. 14-15).  Those cases, however, are inapposite.  Not only is Defendant not an "insurer," but the

6

insurer in the instant action is not being asked to post a bond that exceeds its policy limits. Rather, an insured party is being asked to post the balance of the judgment over and above its insurance policy limit, a reality Defendant acknowledges in other sections of their brief. (See Defs.' Reply Br. 6) (arguing that it is an unfair burden to require a Defendant to post security above the amount of his insurance policy). Thus, the Court finds that Defendant's arguments that the supersedeas bond requirement should be waived are unpersuasive.

## III.   CONCLUSION

For the foregoing reasons, Defendant may obtain a stay of the judgment against them provided they post a bond in the full amount of the judgment against them, but until that bond is posted, Defendant's Motion to Stay Judgment Pending Appeal is DENIED.  An appropriate Order shall follow.


Dated: <u>12/15/11</u>                                        /s/Robert B. Kugler
                                                             Robert B. Kugler
                                                             United States District Judge